UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MANUEL MORA,<br><br>    Petitioner,<br><br>    v.<br><br>M.D. BITER, Warden,<br><br>    Respondent. | NO. CV 17-7143-MWF (AGR)<br><br>ORDER TO SHOW CAUSE |

    Petitioner, a state inmate, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

    The court therefore orders Petitioner to show cause on or before ***November 13, 2017*** why the court should not recommend dismissal of the petition with prejudice.

## I.

## **PROCEDURAL BACKGROUND**

In 2013, a Los Angeles County Superior Court jury found Petitioner guilty of two counts of attempted willful, deliberate and premeditated murder and found true various enhancements. The jury also found Petitioner guilty of possession of a firearm by a felon. Petitioner was sentenced to life with the possibility of parole with a minimum parole eligibility term of 14 years, plus 30 years. (Petition at 2);[1] *People v. Mora*, 2014 WL 4053162, *1 (Cal. Ct. App. 2d Dist.).

On August 15, 2014, the California Court of Appeal struck a one-year stayed enhancement and otherwise affirmed the judgment. *Id.* at *3-*4. On October 22, 2014, the California Supreme Court summarily denied the petition for review. (Petition at 3.)

On November 17, 2015, Petitioner filed a habeas petition in the Superior Court, which denied it on December 7, 2015. (Petition at 3-4.)

On October 27, 2016, Petitioner filed a habeas petition before the California Court of Appeal. (Petition at 4.) The court denied the petition on March 3, 2017. (*Id.* (Case No. B278581).)

On May 8, 2017, Petitioner filed a habeas petition before the California Supreme Court, which summarily denied the petition on July 12, 2017. *In re Mora*, 2017 Cal. LEXIS 5158 (2017) (Case No. S241795).

On September 20, 2017, Petitioner constructively filed the current petition. (*See* Petition, handwritten date on seal of envelope.)

---

[1] Page citations are to the page numbers assigned by the CM/ECF system in the header.

## II.
## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The Court must analyze the statute of limitations on a claim-by-claim basis. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

### A. The Date on Which Conviction Became Final – § 2244(d)(1)(A)

The California Supreme Court denied the petition for review on October 22, 2014. Petitioner's conviction became final 90 days later on January 20, 2015. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent tolling, the AEDPA limitations period expired a year later on January 20, 2016, making the Petition late by one year and eight months.

#### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). There is no statutory tolling from the time Petitioner's conviction became final and the constructive filing of the first state habeas petition. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).

Under the "mailbox rule," a habeas petition is deemed filed when the prisoner delivers it to prison authorities for mailing to the court, not when the petition is actually filed by the court. *Stillman v. Lamarque*, 319 F.3d 1199, 1201

(9th Cir. 2003). In response to this Order to Show Cause, Petitioner should disclose the constructive filing dates for all of his state habeas petitions before the Superior Court, California Court of Appeal and California Supreme Court. In the absence of the constructive filing dates, the court will analyze the record using the actual filing dates.

On November 17, 2015, with just over two months of his one-year limitations period remaining, Petitioner filed a habeas petition in the trial court, which denied relief 20 days later on December 7, 2015. (Petition at 3-4.) Even without the constructive filing date of his petition, Petitioner would be entitled to at least 21 days of statutory tolling while his petition was pending in the Superior Court. The limitations period would then expire on February 10, 2016.

Although Petitioner does not disclose the constructive filing date of his petition before the California Court of Appeal, Petitioner filed the habeas petition on October 27, 2016, 325 days after the Superior Court's denial. (*Id.* at 4.) Petitioner provides no explanation for the length of this gap. The California Court Appeal thereafter denied relief on March 3, 2017. On May 8, 2017, Petitioner filed a habeas petition in the California Supreme Court, which denied relief on July 12, 2017. (*Id.* at 4-5.)

"As long as [a] prisoner file[s] a petition for appellate review within a 'reasonable time,' he [may] count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans v. Chavis*, 546 U.S. 189, 193 (2006); *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) ("The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled – because it is part of a single round of habeas relief – so long as the filing is timely under California law.") (citing *Chavis*).

In general, a court compares a petitioner's delays to the short period of

time, "'30 to 60 days, that most States provide for filing an appeal.'" *Velasquez v. Kirkland*, 639 F.3d 964, 967 (9th Cir. 2011) (citation omitted). Here, the gap at issue is 325 days between the Superior Court's denial and the filing date in the California Court of Appeal. Petitioner may be able to show that the gap is a few days less based on the constructive filing date.

Nevertheless, "unexplained gaps" for this type of delay would be unreasonable. *Velasquez*, 639 F.3d at 967-68. The question becomes whether Petitioner's explanations for delay are adequate under California law. *Noble v. Adams*, 676 F.3d 1180, 1184 (9th Cir. 2012). Petitioner does not explain his delay. Absent a sufficient explanation, Petitioner is not entitled to statutory tolling during the gap between the Superior Court's denial and Petitioner's constructive filing date in the California Court of Appeal. *See Chavis*, 546 U.S. at 193 (rejecting such tolling for California petitioners with unexplained gaps exceeding "30 to 60 days").

Absent additional tolling or a later accrual date, Petitioner's limitations period expired on February 10, 2016.[2]

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* at 653 (citations

---

[2] Petitioner cannot benefit, thereafter, from any statutory tolling while his habeas petitions were pending in the California Court of Appeal and the California Supreme Court because his limitations period had already expired before he constructively filed those petitions. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

5

and quotation marks omitted). "[E]quitable tolling is available . . . only when "'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time'" and "'the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### B.  Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may also start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim. 28 U.S.C. § 2244(d)(1)(D). The time starts to run when the petitioner knows or through diligence could discover the factual predicate, not when the petitioner realizes their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Petitioner raises nine grounds. The first three grounds were raised on direct appeal (Petition at 5-6), and, therefore, the factual predicates for them were known before the date the conviction became final.

The remaining grounds are based on factual predicates known to Petitioner before the conviction became final. Ground Four asserts that insufficient evidence supports his conviction(s). (Petition at 6-13.) Petitioner's insufficiency argument appears based entirely on alleged shortcomings in the trial evidence and not on any newly-discovered evidence. Accordingly, Petitioner was aware of the predicate facts underlying Ground Four before the date the conviction became final. In Ground Five, Petitioner asserts that his rights were violated by evidence of an improperly suggestive lineup. (*Id.* at 14.) In Ground Six, Petitioner faults the trial court for improperly denying a defense challenge to one prospective juror who expressed reluctance to serve on the case. (*Id.* at 15.) Again, the factual predicates of these grounds were known before the date the

conviction became final.  In Ground Seven, Petitioner claims appellate counsel was ineffective for failing to review the trial record and assert the claims presented here.  (*Id.* at 16.)  Petitioner knew or through diligence could discover the factual predicate for this ground from the briefs on appeal.  Ground Eight challenges Petitioner's sentence.  (*Id.* at 17.)  Finally, in Ground Nine, Petitioner argues that trial counsel was ineffective for failing to request an "intent to kill" jury instruction or to object to the instructions as given.  (*Id.* at 18-22.)  As with all of his other claims, Petitioner knew or through diligence could have discovered the factual predicate of Ground Nine before the conviction became final.

Accordingly, the Petition appears to be barred by the statute of limitations.

## III.
## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that on or before ***November 13, 2017,*** Petitioner shall show cause why the court should not recommend dismissal of the petition with prejudice.

**If Petitioner fails to respond to this order to show cause by November 13, 2017, the court will recommend that the Petition be dismissed based on expiration of the one-year statute of limitations.**

DATED: October 12, 2017

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

7